**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30222 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00063-SPW |
| v. | |
| JEREMIAH ROBERT WIBERG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jeremiah Robert Wiberg appeals from the district court's judgment and

challenges the 12-month sentence imposed upon revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Wiberg argues that the district court erred because it based the sentence on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Wiberg's request for oral argument is denied.

his need for sex offender treatment.  We review for plain error, *see United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011), and conclude that there is none.

The record reflects that the district court did not impose or lengthen the sentence to allow Wiberg to complete sex offender treatment.  While the court discussed Wiberg's failure to complete treatment, it did so in the context of explaining why he was a danger to the public, a permissible sentencing consideration.  *See* 18 U.S.C. §§ 3553(a)(2)(C), 3583(e).  The court's discussion of Wiberg's need to complete treatment upon release, as required by his supervised release conditions, and request that the Bureau of Prisons place Wiberg at a facility where he could obtain sex offender treatment were not improper.  *See Grant*, 664 F.3d at 281.  Moreover, the court adequately explained its reasons for the sentence, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including the nature of Wiberg's violations, *see id* at 993.

**AFFIRMED.**